IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WALONA HEATH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. _____ |
| TERRELL COUNTY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR WAGES

This is a wage and hour action for payment of overtime compensation and for payment of regular wages at lease at a rate equal to the Federal minimal wage requirement as well as damages and equitable relief brought pursuant to the Federal Labor Standard Act, hereinafter "FLSA" (29 U.S.C. §§ 206, 207, *et. al*).

2.

The jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1331. Declaratory and injunctive relief are sought pursuant to 28 U.S.C. §§2201, 2202.

**Parties**

3.

Walona Heath began her employment with the Terrell County School District in April 2014 as a bus driver, and she was paid a monthly contract rate of

$952 spread out over 12 months even though she only actually worked nine months.

4.

Defendant TERRELL COUNTY SCHOOL DISTRICT is a Georgia public body corporate created by the State Legislature (O.G.C.A. §20-2-50), and its agent for service is the Superintendent, Robert Aaron, who can be served a copy of this complaint and summons at 761 1st Avenue Dawson GA 39842.

5.

From February 2, 2016 – July 2016, plaintiff took on an additional separate and distinct different janitorial position on a regular basis in addition to her regular bus driver job.

6.

Plaintiff worked more than 40 hours total performing both positions for at least 21 weeks beginning February 2, 2016, and lasting through July 2016, and she received no overtime compensation during her employment.

7.

From days after receiving her first paycheck for the combined positions in February 2016 up through July 2016, plaintiff requested overtime when she worked more than 40 hours from the personnel officer.

8.

When she received no response from the personnel officer, she elevated her requests to the Superintendent of Terrell County School District who promised to look into the matter and get back with her.

9.

In July after plaintiff was terminated from the janitorial job, she filed for unemployment compensation with the Department of Labor.

10.

The claims examiner said that she could not determine the unemployment benefits resulting from the janitorial position because the payroll methodology made no sense.

11.

Plaintiff once more immediately contacted the Superintendent to follow up with the overtime compensation and informing him of what the claims examiner said relative to the payroll system. The Superintendent responded "get [your overtime compensation] from the unemployment people"!

12.

August 24, 2016, plaintiff went back to the personnel officer to get the raw payroll data and to request payment for the overtime that she worked in excess of

hours over 40 hours. The personnel clerk and the Superintendent called the police and had plaintiff escorted off the premises.

13.

Plaintiff's employment with defendant was terminated on August 25, 2016.

14.

During the entire time of plaintiff's employment, her timesheets went in on the 15th of every month and she received a regular paycheck on the last day of the same month.

15.

Plaintiff turned in her payroll sheets on September 15, 2016, for her regular bus driving duties, and for double duty route pick up during the period August 16, 2016- through August 25, 2016.

16.

On September 30, 2016, plaintiff received a check only for the double duty assignment during the period August 16-August 2016. Plaintiff received no compensation for her regular bus route (August 16-25, 2016).

17.

On September 6, 2016, plaintiff retained the legal services of the undersigned attorney to advance her FLSA claim. The attorney promptly contacted the Superintendent concerning the overtime payment on September 14, 2016.

18.

On October 11, 2016, the legal consultant for defendant school district sent plaintiff's counsel a letter stating that plaintiff only worked 38.5 overtime hours and as such she was due overtime wages of $237. Plaintiff is unable to ascertain how defendant arrived at said amount, and despite her counsel's request for an explanation, none has been forthcoming at the date of filing of this complaint.

19.

Plaintiff, showing a breakdown of her calculations, computed her overtime pay at the amount of $1,637 without prejudgment interest.

**Causes of Action**

20.

Defendant's conduct of refusing to pay plaintiff the minimum Federal wage for her performance of her regular duties for the period commencing with August 16, 2016 up through and including August 25, 2016 violates the FLSA.

21.

Defendant's conduct of refusing to timely pay plaintiff overtime for all hours that she worked in excess of 40 hours per week on the two different positions violates the FLSA (February 2, 2016, through July 2016).

22.

Defendant's conduct of not paying plaintiff the Federal minimal wage for time actual worked (August 16, - August 25, 2016) was willful, intentional and lacking in good faith, thus is violative of the FLSA.

23.

Defendant's conduct of not paying any overtime to plaintiff in a timely manner during her entire employment with defendant was willful, intentional and lacking in good faith, thus violative of the FLSA.

24.

As a direct and proximate-result of the wrongful acts by the defendant, plaintiff has suffered back pay losses (overtime wages for the period February 2, 2016 through July 2016, and Federal minimum wages for the period August 16, 2016- August 25, 2016)(with prejudgment interest from the date of the violation and continuing up to the date of trial).

25.

As a direct and proximate result of the wrongful acts by defendant, plaintiff was required to hire and employ the undersigned attorney to advance her claims as stated herein.

**WHEREFORE PLAINTIFF DEMANDS** that this court grant the following:

(a) The appropriate backpay as requested herein (overtime compensation and wages for actual time worked) with the accompanying prejudgment interest;

(b) Judgment against defendant for liquidated damages inclusive of, but not limited to, back pay, with prejudgment interest;

(c) Reasonable attorney's fees pursuant to 29 U.S.C. § 216(b);

(d) Trial by jury;

(e) And any other relief that the Court deems just and proper.

Respectfully submitted this 12th day of October 2016.

/s/ *Ethel L. Munson*

_____
ETHEL L. MUNSON
Law Offices of Ethel L. Munson
Attorney for Plaintiff
Georgia Bar No. 529625

3295 River Exchange Drive, Suite 510
Norcross GA 30092
(404) 588-0049